IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| OVERWERX LTD., Plaintiff v. ASCENT AEROSYSTEMS INC. and TEXTRON INC., Defendants | COMPLAINT FOR PATENT INFRINGEMENT JURY TRIAL DEMANDED Civil Action No. _____ |
|---|---|

Plaintiff Overwerx Ltd. ("Overwerx" or "Plaintiff"), by and through its undersigned counsel, files this Complaint against Defendants Ascent Aerosystems Inc. ("Ascent") and Textron Inc. ("Textron") (collectively, "Defendants"), and alleges as follows:

**NATURE OF THE ACTION**

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, against Defendants for their infringement of United States Patent No. 11,067,374 ("the '374 Patent") and United States Patent No. 11,940,251 ("the '251 Patent") (collectively, the "Patents-in-Suit" or the "Overwerx Patents").

2.      The Overwerx Patents relate to groundbreaking innovations in remotely controllable aeronautical ordnance and coaxial aerial vehicle technology. The inventions, conceived by United States military veteran Jeffrey Hill, represent significant advances in unmanned aerial systems ("UAS") designed for precision ordnance delivery while minimizing collateral damage.

3.      Defendant Textron, through its Textron Systems business segment, has developed, manufactured, marketed, offered for sale, sold, and/or used within the United States the "Damocles" Launched Effect weapon system (the "Accused Product"), which directly infringes

1

the Overwerx Patents. The Damocles system is a lightweight, modular, Vertical Takeoff and Landing ("VTOL") loitering munition built upon Defendant Ascent's NX30 Spartan coaxial unmanned aerial vehicle platform.

4.      Defendant Ascent has actively induced Textron's infringement by manufacturing and supplying the NX30 Spartan coaxial UAV platform to Textron with full knowledge of the Overwerx Patents, and by collaborating with Textron in the development and commercialization of the Damocles system.

## THE PARTIES

5.      Plaintiff Overwerx Ltd. is a private limited company organized and existing under the laws of the United Kingdom, with its principal place of business in Wolverhampton, United Kingdom. Overwerx is the owner by assignment of all right, title, and interest in and to the Patents-in-Suit.

6.      Defendant Ascent Aerosystems Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 220 Ballardvale Street, Suite 203, Wilmington, Massachusetts 01887. Founded in 2014 and headquartered in Massachusetts, Ascent is a manufacturer of compact, all-weather, high-performance coaxial unmanned aerial systems. Ascent was acquired in 2024 by Torrance, California-based Robinson Helicopter Company. Ascent designs, manufactures, markets, and sells coaxial unmanned aerial vehicle platforms, including the NX30 Spartan, for defense, public safety, and industrial markets.

7.      Defendant Textron Inc. is a corporation organized and existing under the laws of the State of Delaware, originally founded in 1923 and reincorporated in Delaware on July 31, 1967, with its principal place of business at 40 Westminster Street, Providence, Rhode Island 02903. Textron is a multi-industry company with approximately 35,000 employees worldwide that, through its Textron Systems business segment (operated through its indirect wholly-owned subsidiary

2

Textron Systems Corporation, headquartered at 124 Industry Lane, Hunt Valley, Maryland 21030), develops, manufactures, markets, and sells defense products including unmanned aircraft systems and weapon systems. Through its Textron Systems segment, including the Damocles Launched Effect weapon system.

## JURISDICTION AND VENUE

8.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

9.     This Court has personal jurisdiction over Defendant Ascent because Ascent is incorporated in the State of Delaware and is therefore subject to general personal jurisdiction in this District.

10.     This Court has personal jurisdiction over Defendant Textron because Textron is incorporated in the State of Delaware and is therefore subject to general personal jurisdiction in this District.

11.     Venue is proper in this District as to Defendant Ascent pursuant to 28 U.S.C. § 1400(b) because Ascent is incorporated in the State of Delaware and therefore resides in this judicial district.

12.     Venue is proper in this District as to Defendant Textron pursuant to 28 U.S.C. § 1400(b) because Textron is incorporated in the State of Delaware and therefore resides in this judicial district.

## THE PATENTS-IN-SUIT

### The '374 Patent

13.    On July 20, 2021, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 11,067,374, entitled "Remotely Controllable Aeronautical Ordnance Loitering," to inventor Jeffrey Hill. The '374 Patent was filed on October 5, 2018, and claims priority to U.S. Provisional Patent Application No. 62/568,518, filed October 5, 2017, and U.S. Provisional Patent Application No. 62/726,976, filed September 4, 2018. A true and correct copy of the '374 Patent is attached hereto as Exhibit A.

14.    The '374 Patent is assigned to Overwerx Ltd. Overwerx holds all right, title, and interest in and to the '374 Patent, including the right to sue for infringement and to collect damages therefor.

15.    The '374 Patent generally relates to a method and system for air-borne delivery of an ordnance to a target under remotely controlled in-flight navigation. In one embodiment, a self-powered aerial ordnance includes a tubular body with coaxial, deployable blades powered by a motor, an explosive component, and an imaging device capable of acquiring infrared or visible light images. The ordnance is remotely controllable via radio frequency control signals to navigate to and loiter above a target position, with real-time video transmission to a remote control device, before descending to deliver the payload with precision, thereby avoiding collateral damage. The '374 Patent includes device claims (Claim 15), and system claims (Claims 16–19).

16.    The '374 Patent was filed and prosecuted before the USPTO and was thoroughly examined in view of the prior art. The '374 Patent is valid, enforceable, and currently in force.

## The '251 Patent

17.    On March 26, 2024, the USPTO duly and legally issued U.S. Patent No. 11,940,251, entitled "Remotely Controllable Aeronautical Ordnance," to inventor Jeffrey Hill. The '251 Patent is a continuation of the '374 Patent and claims priority to the same provisional applications. A true and correct copy of the '251 Patent is attached hereto as Exhibit B.

18.   The '251 Patent is assigned to Overwerx Ltd. Overwerx holds all right, title, and interest in and to the '251 Patent, including the right to sue for infringement and to collect damages therefor.

19.   The '251 Patent generally relates to an aeronautical ordnance for vertical take-off and flight, comprising a tubular shaped body with an explosive component, coaxial blades for powered VTOL operation, a motor, an imaging device, rf receiver circuitry, and rf video transmission circuitry. The ordnance is remotely navigable to loiter above a target and descend to detonate at the target. The '251 Patent includes apparatus claims (Claims 1–14), device claims (Claims 15, 20), and system claims (Claims 16–19).

20.   The '251 Patent was filed and prosecuted before the USPTO and was thoroughly examined in view of the prior art. The '251 Patent is valid, enforceable, and currently in force.

## THE ACCUSED PRODUCTS

21.   The Accused Product is the Damocles™ Launched Effect ("LE") weapon system, developed and commercialized by Defendant Textron through its Textron Systems business segment in collaboration with Defendant Ascent.

22.   The Damocles system is a lightweight, modular, Vertical Takeoff and Landing ("VTOL") loitering munition designed to provide a fully autonomous or semi-autonomous search and strike capability. Textron's own product literature describes the Damocles as delivering "decisive lethality in peer warfare" through a next-generation top-attack munition.

23.   The Damocles system is built upon Ascent's NX30 Spartan coaxial unmanned aerial vehicle (UAV) platform. The NX30 Spartan is a compact, cylindrical-bodied VTOL UAV featuring counter-rotating coaxial rotor blades that rotate about a common central axis. The NX30 Spartan weighs approximately 8 pounds empty and can carry payloads of up to 15.3 pounds, with a flight endurance of over 70 minutes and a range of up to 24 miles. It can operate at speeds up to

60 mph, in winds exceeding 40 mph, and is rated IP54 for all-weather operations. The Damocles system integrates this coaxial UAV platform with an explosive payload, imaging and sensor capabilities, autonomous tracking, and remote control systems for precision ordnance delivery.

24.    The Damocles system requires no launch or recovery equipment, significantly reducing the logistical footprint. It features Textron Systems' advanced GEN2 Explosively Formed Penetrator ("EFP") warhead, which provides standoff top-attack lethality capable of defeating modern armored vehicles. The system also incorporates: (a) day/night Automatic Target Recognition ("ATR") in all weather conditions via EO/IR sensors; (b) fully autonomous search and attack capability with Full Motion Video ("FMV") feedback for human-in-the-loop control; (c) operability in GPS-denied environments; (d) a ground loiter option that enhances time on target area; and (e) a Modular Open Systems Approach ("MOSA") allowing integration of various payloads including electronic warfare effects.

25.    The NX30 Spartan platform ships standard with Doodle Labs Mesh Rider® Dual-band 2.4GHz radio and supports tactical datalinks from Microhard, Silvus, Persistent Systems, and Doodle Labs, providing the rf command-and-control and video transmission links between the ordnance and the operator's ground control station. The standard ground control station is a Herelink GCS, which is upgradeable.

26.    On or about October 7, 2025, Textron Systems publicly introduced the Damocles system, describing it as a Launched Effect system that provides operators with multi-mission flexibility for ISR, Electronic Warfare, and Kinetic missions.

27.    The Damocles system was prominently displayed and marketed at the Association of the United States Army ("AUSA") Annual Meeting in October 2025, where industry observers identified it as being based on the Ascent AeroSystems NX30 Spartan coaxial UAV platform.

28.     On or about February 2026, the United States Army awarded Textron a prototype agreement for the Damocles loitering munition system under the Low Altitude Stalking and Strike Ordnance ("LASSO") program. The LASSO program seeks man-portable loitering munitions for frontline units, and Textron's Damocles offering was selected in a VTOL configuration.

29.     On information and belief, the prototype contract awarded to Textron is an Other Transaction Authority (OTA) agreement which does not explicitly include an authorization and consent for Defendant's alleged use and manufacture of patented inventions.

## DEFENDANTS' KNOWLEDGE OF THE OVERWERX PATENTS

30.     Defendant Ascent has had actual knowledge of the Overwerx Patents since at least 2024. Ascent is currently engaged in litigation concerning the inventorship and ownership of the Overwerx Patents in the United States District Court for the District of Connecticut, Case No. 3:24-cv-01075-RNC, which was subsequently transferred *sua sponte* to the Northern District of New York, Case No. 5:25-cv-00275 (BKS/MJK). Through this litigation, Ascent has detailed knowledge of the scope and claims of both the '374 Patent and the '251 Patent.

31.     Defendant Textron has had actual knowledge of the Overwerx Patents since at least October 23, 2025, when Overwerx's CEO, Drew Michael, sent a letter by registered post and email to Tom Hamoor, President & CEO of Textron Systems Corporation (Textron's indirect wholly-owned subsidiary), specifically identifying U.S. Patent Nos. 11,067,374 and 11,940,251, noting similarities between the Damocles system and the inventions protected by the Overwerx Patents, and requesting Textron's assessment of non-infringement.

32.     The October 23, 2025 letter set a response deadline of October 31, 2025. Textron failed to respond to the letter. Textron's silence, combined with its continued development, marketing, and sale of the Damocles system, demonstrates willful disregard of Overwerx's patent rights.

7

33.    In the October 23, 2025 letter, Overwerx also noted that Textron developed the Damocles capability in collaboration with Ascent, as it employs the Ascent coaxial UAV known as the NX30, and anticipated that Ascent had already made Textron aware of the Overwerx Patents.

## COUNT I

### Infringement of U.S. Patent No. 11,067,374

34.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

*A. Direct Infringement of Device and System Claims by Textron*

35.    Defendant Textron has directly infringed and continues to directly infringe at least Claims 15, 16, 17, and 19 of the '374 Patent, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering for sale, exporting and/or importing within the United States the Damocles Launched Effect system, which embodies each and every limitation of at least said claims. Claim 15 claims an aeronautical device for vertical take-off and flight comprising a case with upper and lower portions, deployable coaxial blades, a motor, a payload, an imaging system, and a switch connected to drop the ordnance on a target, navigable by remote control signals. Claim 16 adds a microprocessor-based subsystem and remote control device. Claim 17 adds a receiver for remote controllable flight. Claim 19 specifies the payload includes an explosive coupled to a switch. The Damocles system satisfies each of the limitations of Claim 15 and its dependents as set out in Exhibit C, Chart 1 and Chart 1(A) attached hereto.

36.    Textron has had actual knowledge of the '374 Patent since at least October 23, 2025, and knew or should have known that its customers' operation of the Damocles system would constitute infringement of the method claims. Despite this knowledge, Textron has continued to sell and

8

promote the Damocles system with the specific intent to induce its customers to perform the patented methods.

### B. Indirect Infringement by Ascent (Inducement)

37.    Defendant Ascent has indirectly infringed and continues to indirectly infringe at least Claims 15, 16, 17, and 19 of the '374 Patent by inducing infringement under 35 U.S.C. § 271(b). Ascent has actively and knowingly induced Textron's direct infringement of the device and system claims by: (a) manufacturing and supplying the NX30 Spartan VTOL coaxial UAV platform to Textron for integration into the Damocles weapon system; (b) collaborating with Textron in the design, development, and marketing of the Damocles system; (c) providing technical support, specifications, and expertise to Textron regarding the coaxial UAV platform; and (d) promoting and marketing the NX30 Spartan for  applications including ordnance delivery, knowing that such applications infringe the Overwerx Patents.

38.    Ascent has had actual knowledge of the '374 Patent at all relevant times, including through the pending inventorship litigation in the Northern District of New York. Despite this knowledge, Ascent has continued to manufacture and supply the NX30 Spartan platform to Textron for use in the infringing Damocles system, with the specific intent to induce infringement.

### C. Willfulness

39.    The infringement of the '374 Patent by Defendants has been and continues to be willful. Textron had actual knowledge of the '374 Patent since at least October 23, 2025, via the cease-and-desist letter, and failed to respond or take any steps to avoid infringement. Ascent has had actual knowledge through the pending inventorship litigation. Defendants' continued infringement despite actual knowledge constitutes egregious, willful conduct warranting enhanced damages under 35 U.S.C. § 284.

9

40.    As a direct and proximate result of Defendants' infringement of the '374 Patent, Overwerx has suffered and will continue to suffer irreparable harm and monetary damages in an amount to be determined at trial, but in no event less than a reasonable royalty.

## COUNT II

### Infringement of U.S. Patent No. 11,940,251

41.    Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.

*A. Direct Infringement by Textron*

42.    Defendant Textron has directly infringed and continues to directly infringe at least Claims 1, 2, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 19 of the '251 Patent, in violation of 35 U.S.C. § 271(a), by making, using, selling, offering for sale, exporting and/or importing within the United States the Damocles Launched Effect system, which embodies each and every limitation of at least said claims. Claim 1 claims an aeronautical ordnance for vertical take-off and flight comprising a tubular shaped body with an explosive component, coaxial blades, a motor, an imaging device, rf receiver circuitry, and rf video transmission circuitry, remotely navigable to a target and controllable to descend and detonate. The dependent claims add additional features including: a mechanism to cease motor operation to drop the ordnance (Claim 2); hover capability above the target before descending (Claim 5); impact fuse or detonator switch (Claim 6); operator-selective detonation with third control signal (Claim 7); hand-held deployment capability (Claims 9, 10); operator display with target identification and descent control (Claim 11); vertical descent (Claim 12); deployable blade positions (Claim 13); microprocessor-based subsystem for steering (Claim 14); the device and system claims (Claims 15–17, 19) further recite a case with upper and lower

portions, deployable coaxial blades, a microprocessor-based subsystem, and a remote control device with rf link. The Damocles system satisfies each of the limitations of Claim 1 and its dependents as set out in Exhibit C, Chart 2 and Chart 2(A) attached hereto. The Damocles system further satisfies each of the limitations of Claim 15 and its dependents as set out in Exhibit C, Chart 3 and Chart 3(A).

*B. Indirect Infringement by Ascent (Inducement of Customer)*

43. Defendant Ascent has indirectly infringed and continues to indirectly infringe at least Claims 1, 2, 5, 6, 7, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 19 of the '251 Patent by inducing infringement under 35 U.S.C. § 271(b). Ascent has actively and knowingly induced Textron's direct infringement by manufacturing and supplying the NX30 Spartan coaxial UAV platform — the core airframe and propulsion component of the Damocles system — to Textron with knowledge of the '251 Patent and with the specific intent that Textron use the NX30 platform in a manner that infringes the '251 Patent.

44. Ascent's inducement includes: (a) manufacturing and supplying the NX30 Spartan VTOL coaxial UAV platform to Textron for integration into the Damocles weapon system; (b) collaborating with Textron in the design, development, and marketing of the Damocles system; (c) providing technical support, specifications, and expertise regarding the coaxial rotor platform, including its open architecture design that facilitates payload integration; and (d) promoting and marketing the NX30 Spartan for weapons delivery applications, knowing that such use infringes the '251 Patent.

45. Ascent has had actual knowledge of the '251 Patent at all relevant times, including through the pending inventorship litigation in the Northern District of New York.

*C. Willfulness*

46.    The infringement of the '251 Patent by Defendants has been and continues to be willful. Textron had actual knowledge of the '251 Patent since at least October 23, 2025, via the cease-and-desist letter, and failed to respond or take any steps to avoid infringement. Ascent has had actual knowledge through the pending inventorship litigation in the Northern District of New York.  Defendants' continued infringement despite actual knowledge constitutes egregious, willful conduct warranting enhanced damages under 35 U.S.C. § 284.

47.    As a direct and proximate result of Defendants' infringement of the '251 and '374 Patents, Overwerx has suffered and will continue to suffer irreparable harm and monetary damages in an amount to be determined at trial, but in no event less than a reasonable royalty.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Overwerx Ltd. respectfully requests that this Court enter judgment against Defendants Ascent Aerosystems Inc. and Textron Inc. and grant the following relief:

i)    A judgment that Defendant Textron has directly infringed, and continues to directly infringe, the device and system claims of the Patents-in-Suit;

ii)    A judgment that Defendant Ascent has indirectly infringed, and continues to indirectly infringe, the Patents-in-Suit by inducing Textron's direct infringement;

iii)    A judgment that Defendants' infringement of the Patents-in-Suit has been willful;

iv)    A permanent injunction enjoining Defendants, their officers, directors, agents, servants, employees, affiliates, divisions, subsidiaries, and all persons in active concert or participation with any of them, from further infringement of the Patents-in-Suit;

v) An award of damages adequate to compensate Overwerx for Defendants' infringement, in no event less than a reasonable royalty, together with pre-judgment and post-judgment interest;

vi) An award of damages to be paid by Defendants adequate to compensate Overwerx for Defendants' past infringement and any continuing or future infringement through the date such judgment is entered, including interest, costs, expenses and an accounting of all infringing acts including, but not limited to, those acts not presented at trial;

vii) An award of enhanced damages up to three times the amount of compensatory damages pursuant to 35 U.S.C. § 284 for Defendants' willful infringement;

viii) A declaration that this case is exceptional and an award of Overwerx's reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

ix) An award of Overwerx's costs and expenses in this action; and

x) Such other and further relief as this Court deems just and proper.


## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Overwerx Ltd. hereby demands a trial by jury on all issues so triable in this action.


Dated:  March 18, 2026


13

Respectfully submitted,


By: /s/ Richard C. Weinblatt

Richard C. Weinblatt (#5080)
Stamoulis & Weinblatt LLC
800 N. West Street
Wilmington, DE  19801
(302) 999-1540
weinblatt@swdelaw.com

Wesley W. Whitmyer, Jr. (*pro hac vice* to be filed)
Whitmyer IP Group LLC
600 Summer Street
Stamford, CT 06901
(203) 703-0800
litigation@whipgroup.com

*Counsel for Plaintiff Overwerx Ltd.*

14